# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRIANNA NICHEAL WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV830 RWS |
| | ) | |
| STEAK N SHAKE, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information, it appears that plaintiff cannot afford to pay the filing fee. As a result, I will grant the motion. Additionally, after conducting the necessary statutory review, I have determined that the case must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff brings this action for unlawful termination. She alleges that she was terminated after she got into a physical altercation with another female employee, for which she spent four days in jail. She claims that the other employee was responsible for the altercation but that she was the only one terminated. She thinks her bosses must have believed the other employee's version of events because the other employee had been employed there longer. Plaintiff does not claim to rely on any federal statutes for her cause of action.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]hreadbare recitals of the elements of a cause of action's elements, supported by mere conclusory statements" do not state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

To state a federal claim for employment discrimination, a plaintiff must "allege the essential elements of an employment discrimination claim—that plaintiff suffered discrimination on the basis of protected status." Mabry v. Neighborhood Defender Service, 769 F. Supp. 2d 381, 392 (S.D.N.Y. 2011) (citing Patane v. Clark, 508 F.3d 106, 112 (2nd Cir. 2007). A complaint requires a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

Plaintiff has not alleged that she suffered an adverse employment action on the basis of protected status. Nor does the complaint contain any allegations that would give rise to the inference that she was discriminated on the basis of her sex, race, or any other protected status. It does not contain, for instance, any allegations that her employer made any remarks that could be viewed as reflecting discriminatory animus. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 2nd day of May, 2014.

                                              RODNEY W. SIPPEL
                                              UNITED STATES DISTRICT JUDGE